IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE MARSEILLES LAND AND WATER COMPANY, an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>MARSEILLES HYDRO POWER, LLC, a Wisconsin limited liability company, 13.76 ACRES, MORE OR LESS, SITUATED IN LASALLE COUNTY, ILLINOIS, RENEWABLE WORLD ENERGIES, LLC, a Wisconsin limited liability company, ROBERT L. NEWKIRK, .460 ACRES, MORE OR LESS, SITUATED IN LASALLE COUNTY, ILLINOIS, MAGIC SLEEP MATTRESS COMPANY, INC., an Illinois Corporation, .547 ACRES, MORE OR LESS, SITUATED IN LASALLE COUNTY, ILLINOIS, DYNESTY CUSTOM BUILDERS, LLC, an Illinois Limited Liability Company, .252 ACRES, MORE OR LESS, SITUATED IN LASALLE COUNTY, ILLINOIS and UNKNOWN OWNERS,<br><br>Defendants. | Case No.    13-cv-7785 |

**MOTION FOR JUDGMENT OF POSSESSION BY DEFAULT
AS TO ROBERT L. NEWKIRK AND .460 ACRES**

The Marseilles Land and Water Company ("MLWC"), by its attorneys, Daniel C. Curth and Ashley W. Brandt, of Freeborn & Peters LLP, and pursuant to Rules 55 and 71.1 Fed. R. Civ. P., moves for entry of a judgment of possession by default as to Robert Newkirk and .460 Acres, more or less, situated in LaSalle County, Illinois. In support of its Motion, MLWC states:

1.      On or about October 30, 2013, MLWC filed its Complaint For Eminent Domain against Defendant Robert Newkirk ("Newkirk") and .460 Acres, More Or Less, Situated In

LaSalle County, Illinois, as well as Unknown Owners. MLWC's Complaint (Dkt. #1) is incorporated herein by reference.

2. On or about November 1, 2013, MLWC also prepared a Summons and Notice of Condemnation, as required by Rule 71.1 Fed. R. Civ. P., copies of which are attached as Exhibits A and B, respectively, and issued them for service along with the Complaint.

3. Newkirk is the owner of the .460 acres of land, more or less, situated in LaSalle County, Illinois, that is the subject of Count II of the Complaint. Complaint, ¶ 4.

4. On or about November 7, 2013, Newkirk was personally served with a copy of MLWC's Summons, Complaint and Notice of Condemnation. A copy of the proof of service is attached as Exhibit C.

5. Pursuant to Rule 71.1(e)(2), a defendant that has an objection or defense to the proposed taking must serve an answer within 21 days after being served with the Notice of Condemnation. Similarly, MLWC's summons required Newkirk to appear or answer within 21 days of service.

6. Newkirk has not appeared or answered, despite being served more than 90 days ago with the Summons, Complaint and Notice of Condemnation.

7. Pursuant to Rules 55(b)(2) and 71.1(e), a judgment should be entered in MLWC's favor and against Newkirk and all Unknown Owners on Count II, granting MLWC the right of possession of Newkirk's .460 acres, with fee simple title to the land to transfer to MLWC after it has paid Newkirk the amount of compensation to be determined at a trial as to the valuation of those .460 acres.

8. More specifically, MLWC should be granted possession of the following:

**LEGAL DESCRIPTION:** PARCEL #1:

That part of Lot 1 in Block 31 in the Original Town of Marseilles, Vacated Wallace Street and Vacated Minden Street described as follows:

Commencing at the Northwest corner of Lot 2 in the Original Town of Marseilles, thence South 76 degrees 18 minutes 32 seconds East along the North line of said Lot 2 and the Southerly line of the vacated portion of Wallace Street to the Point of Beginning; thence North 13 degrees 32 minutes 39 seconds East 60.00 feet to a point on the Northerly line of the vacated portion of Wallace Street; thence South 76 degrees 18 minutes 40 seconds East 91.17 feet along said Northerly line to the Westerly line of the South Head Race; thence South 17 degrees 43 minutes 00 seconds East 60.25 feet along said Westerly line; thence South 09 degrees 30 minutes 15 seconds East 45.33 feet along said Westerly line to a point on the Westerly line of Lot 8 in Block 32 in the Original Town of Marseilles and the Easterly line of the vacated portion of Minden Street; thence South 13 degrees 29 minutes 30 seconds West 108.20 feet along the Westerly line of Lot 8 and Lot 9 in Block 32 in the Original Town of Marseilles and said Easterly line of the vacated portion of Minden Street; thence North 11 degrees 24 minutes 13 seconds West 156.04 feet to a point on the Southerly line of the vacated portion of Wallace Street and the Northerly line of said Lot 1 in the Original Town of Marseilles; thence North 76 degrees 18 minutes 40 seconds West 74.51 feet along the Southerly line of the vacated portion of Wallace Street and the Northerly line of said Lot 1 in the Original Town of Marseilles to the Point of Beginning containing 0.252 acre more or less and all situated in the City of Marseilles, LaSalle County, Illinois.

PARCEL #2:

That part of the Original Town of Marseilles, LaSalle County, Illinois described as follows:

Beginning at the Southwest corner of Lot 9 in Block 32 in the Original Town of Marseilles; thence South 76 degrees 17 minutes 59 seconds East 85.34 feet along the

3

South line of the Lots 9 and 10 in Block 32 in the Original Town of Marseilles; thence South 04 degrees 40 minutes 30 seconds East 32.17 feet; thence South 78 degrees 387 minutes 14 seconds West 69.82 feet; thence South 13 degrees 39 minutes 54 seconds West 136,70 feet to the North line of the Illinois River; thence North 81 degrees 48 minutes 22 seconds West 31.75 feet along the North line of the Illinois River; thence North 13 degrees 29 minutes 30 seconds East 199.87 feet to the Point of Beginning containing 0.208 acres more or less excepting therefrom that portion of the parcel lying under the water surface of the South Chanel of the Head Race and all situated in the City of Marseilles, LaSalle County, Illinois.

PIN NOS.: Part of 15-49-438-015

See Complaint, ¶ 38.

9. Based on a recently completed purchase of similar land located within the Project Boundary, in which 4.423 acres of land was sold in an arm's-length transaction for $32,500,[1] or approximately $7,350 per acre, MLWC believes the .460 acres owned by Newkirk have a market value of approximately $3,400. To ensure that Newkirk has adequate security of payment following this court's final determination of value of his parcels, MLWC proposes depositing $5,100 with the clerk of the court, or 150% of the estimated value of Newkirk's parcels.

**WHEREFORE, PLAINTIFF PRAYS:**

(1) For entry of an order confirming MLWC's right to take Newkirk's parcels, as more fully described above, and in paragraph 38 of the Complaint, through its exercise of eminent domain;

(2) That a judgment by default for possession of Newkirk's parcels, as more fully described above, and in paragraph 38 of the Complaint, be entered in favor of MLWC, and against Newkirk and Unknown Others, with the judgment stayed until MLWC deposits $5,100

---

[1] A copy of the Option and Purchase Agreement as well as the HUD Settlement Statement for the transaction are attached as Exhibit XYZ.

with the clerk of the court to secure payment to Newkirk or other interested parties for title to his parcels following a full valuation hearing;

(3)     That this matter be set for a hearing to determine the compensation to be paid for Newkirk's parcels, after which title in fee simple to said parcels will transfer to MLWC upon payment of the amount of compensation determined at said hearing;

(4)     That the compensation which this Plaintiff shall pay for the Newkirk Premises may be determined and ascertained according to the law after trial;

(5)     That said compensation shall be paid to the parties entitled thereto, or to the County Treasurer of LaSalle County, Illinois, within a reasonable time to be fixed by this Court and that such other and further proceedings may be had and taken in the Newkirk Premises as may be appropriate fully and completely:

    (a)     To vest Plaintiff with fee simple title to all of the Newkirk Premises, improvements thereon and appurtenances thereto, and all interests therein and rights incident thereto of every kind and nature, free and clear of all claims, liens, easements, and all other rights of whatsoever character; and

    (b)     To vest Plaintiff with all rights, title, and interest whatsoever of the defendants hereto and persons claiming under them in and to the streets and alleys which abut upon the Newkirk Premises; and

    (c)     To secure full possession and use of all said real property in Plaintiff; and

    (d)     That upon payment of the compensation determined, ascertained, and assessed pursuant to any judgment order entered hereunder, and further, upon the presentation of evidence of such payment and the filing of a certified copy of any such judgment order in the office of the Recorder of Deeds & Registrar of Titles of LaSalle County, Illinois, be directed and ordered to transfer the fee simple title

to the premises or that part thereof that may be registered in the Office of the Registrar, without the surrender and cancellation of any outstanding duplicate certificate of title, and to issue a new owner's duplicate certificate of title to the Plaintiff herein for all or that part of said premises registered in the Office of the Registrar of Titles and included in any such judgment order.

(6) That this Court may order the distribution of the compensation to the parties thereto entitled according to their respective rights, interests and ownership; and

(7) That such proceedings may be had and taken, and judgment and orders entered, and that Plaintiff have such other and further relief in the Newkirk Premises as the nature of the case may require.

Dated: February 12, 2014

Respectfully submitted,

The Marseilles Land and Water Company

By: /s/ Daniel C. Curth
One of Its Attorneys

Daniel C. Curth (6229090)
Ashley W. Brandt (6281068)
Freeborn & Peters LLP
311 S. Wacker Drive
Suite 3000
Chicago, IL 60606
312.360.6000

3016020v1/29534-0001